# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| JOHN T. HOWELL, ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | No. 2:14-cv-02042-JPM-cgc |
| ) | |
| GARY BEARD TRUCKING COMPANY, ) | |
| and BRIAN ALAN WASHBURN, ) | |
|     Defendants. ) | |

**ORDER DENYING JOINT MOTION AND MEMORANDUM TO REQUIRE JOINDER OF SHELBY COUNTY HEALTHCARE D/B/A REGIONAL MEDICAL CENTER
(ECF NO. 34)**

Before for the Court is the Parties' Joint Motion and Memorandum to Require Joinder of Shelby County Healthcare d/b/a Regional Medical Center. (ECF No. 34.) For the reasons stated below, the Motion is DENIED.

**I.   BACKGROUND**

**A.   Factual Background**

Plaintiff, John T. Howell, was involved in a serious car crash on January 24, 2013 in Memphis, Tennessee. (Compl. ¶¶ 2, 3, ECF No. 1-1; Answer ¶¶ 2, 3, ECF No. 4.) Plaintiff was driving a 1994 Toyota Camry, and Defendant Washburn was operating a "tractor/semi-trailer" as an agent for Defendant Gary Beard Trucking Inc. when the two vehicles collided. (Compl. ¶¶ 2, 3; Answer ¶¶ 2, 3.) Plaintiff alleges that as a result of the collision, he was admitted as a hospital patient

for a long period of time and suffered painful and permanent injuries. The Parties state in the instant Motion that Shelby County Healthcare d/b/a Regional Medical Center ("RMC") filed a lien in the amount of $272,268.19, presumably related to Plaintiff's medical bills.[1]

B. **Procedural Background**

Plaintiff filed his Complaint in the Circuit Court of Shelby County, Tennessee for the Thirtieth Judicial District at Memphis on December 19, 2013. (ECF No. 1-1.) Defendants filed a Notice of Removal in this Court on January 17, 2014. (ECF No. 1.)

II. **LEGAL STANDARD**

Rule 19 of the Federal Rules of Civil Procedure describes the circumstances under which an absent party must be joined in an action. The Sixth Circuit uses a three-part test to determine whether a party is indispensable under Rule 19. Laethem Equip. Co. v. Deere & Co., 485 F. App'x 39, 43 (6th Cir. 2012). "First, the court must determine whether the person or entity is a necessary party under Rule 19(a)." Glancy v. Taubman Centers, Inc., 373 F.3d 656, 666 (6th Cir. 2004). "Second, if the person or entity is a necessary party, the court must then decide if joinder of that person or entity will deprive the court of subject matter jurisdiction." Id. "Third,

---

[1] Although the Parties note in the instant Motion that a copy of the lien was attached as Exhibit 1, no such exhibit was submitted. (See ECF No. 34.)

2

if joinder is not feasible because it will eliminate the court's ability to hear the case, the court must analyze the Rule 19(b) factors to determine whether the court should in equity and good conscience dismiss the case because the absentee is indispensable." Id. (internal citation and quotation marks omitted).

III. **ANALYSIS**

A party is necessary under Rule 19 if either:

(1) in the party's absence, the court cannot accord complete relief among existing parties, Fed. R. Civ. P. 19(a)(1)(A), or (2) if the party claims an interest relating to the subject of the action and disposing of the action in the party's absence may (i) as a practical matter impair or impede the party's ability to protect the interest; or (ii) leave an existing party subject to a substantial risk of incurring multiple or otherwise inconsistent obligations because of the interest, Fed. R. Civ. P. 19(a)(1)(B).

Laethem Equip. Co., 485 F. App'x at 44 (6th Cir. 2012).

The Parties argue that RMC is a necessary party for two reasons. First, the Parties argue RMC claims an interest relating to the subject matter of the action and is so situated that disposing of the action RMC's absence may as a practical matter impair or impede the person's ability to protect the interest. (ECF No. 34 at 2.) Second, the Parties argue that proceeding in RMC's absence may leave an existing party subject to a substantial risk of incurring multiple or otherwise

inconsistent obligations because of the interest.  (Id.)  The
Court finds neither argument persuasive.

Even assuming that RMC satisfies the threshold requirement
of Rule 19(a)(1)(B) -- that RMC claims an interest relating to
the subject of the action -- the Parties have failed to
demonstrate that the conditions of Rule 19(a)(1)(B)(i) or (ii)
are met in this case.  The Court addresses each in turn.

The Parties aver that proceeding without RMC may as a
practical matter impair or impede RMC's ability to protect its
hospital lien.  (ECF No. 34 at 2-3.)  According to the Parties,
RMC "could have intervened in this case at any time to protect
their asserted hospital lien." (Id. at 3.)  This, however, is
consistent with a finding that RMC is not a necessary party.  In
School District of City of Pontiac v. Secretary of U.S.
Department of Education, the Sixth Circuit considered whether
absent arties whose interests could be affected were necessary
parties under Rule 19(a)(1)(B)(i).  584 F.3d 253, 266 (6th Cir.
2009) (en banc) (8-8 decision) (Cole, J., opinion in favor of
reversing); id. at 281 (Sutton, J., opinion concurring in the
order affirming).  In assessing whether the absent parties'
interests were impaired, the Sixth Circuit found relevant that
the absent parties could have joined but elected not to do so.
Id. at 266 (citing Jansen v. City of Cincinnati, 904 F.2d 336,
342 (6th Cir. 1990) (holding that "the possibility of adverse

4

stare decisis effects provides intervenors with sufficient interest to join an action")); id. at 281 (stating that when absent parties "stick their heads in the sand for nearly five years of litigation about a high-profile lawsuit, it is difficult to say that proceeding without them will impair their interests"). Because the absent parties had apparently made conscious decisions not to intervene, the court noted that "it would turn Rule 19 analysis on its head to argue that the [absent party's] interests are now impaired because they declined to participate in this much-publicized case." Id. at 266; see id. at 281.

In this case, the Parties indicate that RMC is aware of the instant litigation but has elected not to be involved, despite the possibility that it could argue for intervention. (ECF No. 34 at 1–2.) To hold that RMC is a necessary party under such circumstances "would turn Rule 19 analysis on its head." Therefore, RMC is not a necessary party under Rule 19(a)(1)(B)(i).

Moreover, RMC is not a necessary party under Rule 19(a)(1)(B)(ii). "Rule 19 does not speak of inconsistent 'results.' Rather, it speaks in terms of inconsistent 'obligations.'" Bedel v. Thompson, 103 F.R.D. 78, 81 (S.D. Ohio 1984). Whether a party faces the possibility of multiple actions -- and potentially even logically inconsistent judgments

5

-- is thus irrelevant if the party is not at risk of inconsistent obligations. See, e.g., id.; Field, 626 F.2d 301-02; 4 Moore's Federal Practice § 19.03[4][d] (Matthew Bender 3d ed.).

The Court therefore considers whether the Parties are at "substantial risk" of inconsistent obligations due to the absence of RMC, and finds that the Parties are not. Nothing about the relief sought or the legal posture of the Parties suggests that either is at any risk of inconsistent obligations. Accordingly, the Court finds that RMC is not a necessary party under Rule 19(a)(1)(B)(ii).

In light of the foregoing, the Court finds that RMC is not a "required party" under Rule 19(a)(1), and thereby declines to order RMC to be made a party.

**IV. CONCLUSION**

For the reason stated above, the Parties' Joint Motion and Memorandum to Require Joinder of Shelby County Healthcare d/b/a Regional Medical Center (ECF No. 34) is DENIED.

**IT IS SO ORDERED,** this 19th day of December, 2014.

/s/ Jon P. McCalla
JON P. McCALLA
U.S. DISTRICT COURT JUDGE